JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Jackson

### DEFENDANTS
OSF Healthcare

**(b)** County of Residence of First Listed Plaintiff: Peoria County Illinois
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Peoria County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Nina R. Gougis, 524 Court St. Pekin, IL 61554, 309-282-6325

Attorneys *(If Known)*
Shari Berry, OSF Legal Counsel, 124 SW Adams Street, Peoria, IL 61602

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  |  | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | / [ ] 555 Prison Condition |  |  |  |
|  | / [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights Act of 1964, Age Discrimination Act of 1967, Americans with Disability Act of 1990

Brief description of cause:
Discrimination of Plaintiff on basis of race, age, and disability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 250,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/19/2022

SIGNATURE OF ATTORNEY OF RECORD: *Nina R. Gougis* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) ) JURY TRIAL DEMANDED |
| OSF HEALTHCARE, | ) ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, DAVID JACKSON, by and through his attorney, Nina R. Gougis, and as and for his Complaint and Demand for Jury Trial, states as follows:

**NATURE OF ACTION**

1. This action is brought pursuant to Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000e, *et. seq.*; the *Age Discrimination in Employment Act of 1967*, 29 U.S.C. § 621, *et seq.*; the *Americans with Disabilities Act of 1990*, as amended, 42 USC § 12101, *et seq.*; 42 U.S.C. § 1981; and the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et. seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. The Central District of Illinois is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Central District of Illinois, within the meaning of 28 U.S.C. §1391(b).

1

4. JACKSON filed a charge of discrimination (based on race, gender, age, and disability) and retaliation with Illinois Department of Human Rights, which was cross-filed with the Equal Employment Opportunity Commission (further identified as Charge No. 2022SA1353, EEOC No. 21BA20642). The IDHR issued an order of closure on June 10, 2022. The Order of Closure is attached hereto as Exhibit A. This lawsuit, therefore, is timely filed.

## STATEMENT OF FACTS

5. JACKSON (hereinafter "Jackson" or "Plaintiff") resides in Peoria, Illinois. JACKSON is a Black male, age 62.

6. The Defendant, OSF HEALTHCARE, (hereinafter the "Defendant" or "OSF") is an employer within the meaning of Title VII of the *Civil Rights Act*, ADA, ADEA, Section 1981, and IHRA, with is principal office located in Peoria, Illinois.

7. At all times relevant to this Complaint, OSF employed JACKSON.

8. At all times relevant to this Complaint, JACKSON was the only Black administrator at OSF's principal office.

9. JACKSON suffered a brain injury around 2010, which was exacerbated by a car accident that occurred in 2017. He has the following diagnoses: visual spatial disfunction, emotional dysregulation, short-term memory loss, post-traumatic stress disorder, social anxiety disorder, and major depressive disorder. As a result of his brain injury, JACKSON has a visual special abnormality. Due to his conditions, JACKSON was substantially limited in major bodily functions – *i.e.*, his brain function. JACKSON is substantially limited in the following major life activities – seeing, reading, concentrating, thinking, communicating, motor function, and working.

10. JACKSON suffers from a disability, as defined under the ADA and IHRA. Additionally, JACKSON was regarded as having a disability by his employer.

11. At all times relevant herein, JACKSON has been an otherwise qualified individual with a disability in that he meets the legitimate skill, experience, education, and other requirements for his position and was able to perform the essential functions of the position with reasonable accommodation.

12. JACKSON began working for OSF as a performance improvement specialist on July 26, 2021.

13. JACKSON's immediate supervisor was Timothy Gullett (White), performance improvement manager. Upon information and belief, Gullett is in his early 40s.

14. On or around September 15, 2021, JACKSON informed Gullett of his disability and requested an accommodation from OSF to perform his job duties.

15. On or around September 17, 2021, Gullett told JACKSON he discussed the request for accommodation with Director Julie Trakensuch (White). Upon information and belief, Trakensuch is in her mid-to-late 40s. Gullett told JACKSON they did not "want to do anything with it" (referring to JACKSON's accommodation request). They discussed possible movement to a new team.

16. On or about October 15, 2021, during a meeting with Gullett, JACKSON was placed on a performance improvement plan (referred to as a "Coaching for Improvement" plan). Gullett told JACKSON that the plan was informal and would not be included in his personnel file. Gullett also instructed Plaintiff not to discuss the issue of diversity (or lack thereof) with other employees in the office.

17. During his employment, Gullett and Team Leader Paula Burgess (White and who-upon information and belief – is in her mid-to-late 50s) subjected JACKSON to a hostile work environment, publicly humiliated JACKSON in front of other employees, and subjected

JACKSON to increased work scrutiny. For example, Burgess often called out Plaintiff for looking at his cell phone during meetings, even though it was commonplace for other employees to do the same. Burgess also would routinely be dismissive toward JACKSON and reject JACKSON's ideas, even though other employees were not treated similarly. Burgess also gave Plaintiff assignments that could not possibly be completed within the deadline given, even giving JACKSON an assignment with the deadline before the date the assignment was given. Burgess also would dramatically shift the scope of an assignment she gave JACKSON without warning, making it more difficult for JACKSON to complete the work; Burgess would then use this against JACKSON.

18. On or around November 18, 2021, JACKSON went on short-term disability leave due to the stress he was experiencing at work. OSF refused to make his short-term disability active until January of 2022.

19. On November 18, 2021, JACKSON was terminated via teleconference.

20. Beginning on or about September 23, 2022, OSF's Human Resources Business Partner Sharon Bond (White, upon information and belief, late 40s – early 50s) and JACKSON began consulting on available open positions. However, OSF has refused to consider JACKSON for positions for which he was more than qualified; OSF also refused to even offer an interview for these positions. OSF offered interviews for positions, then communicated to JACKSON that those positions were not available. OSF only would allow JACKSON to interview for much lower paying positions. JACKSON was otherwise qualified for the higher paying positions. However, upon information and belief, OSF chose less qualified individuals for these positions.

**COUNT I – RACE-BASED DISCRIMINATION**
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.*

21. Paragraphs 1-20 are re-alleged and incorporated herein by reference.

22. JACKSON met and exceeded the Defendant's legitimate business expectations.

23. JACKSON suffered several adverse employment actions, as outlined above.

24. Similarly situated non-Black employees did not suffer the same adverse employment and, therefore, were treated more favorably.

25. Such actions constitute a race-based discrimination, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e, *et. seq.*

### COUNT II – RACE-BASED DISCRIMINATION
### 42 U.S.C. § 1981

26. The foregoing paragraphs 1-25 are re-alleged and incorporated herein by reference.

27. Such actions constitute unlawful discrimination, in violation of 42 U.S.C. § 1981.

### COUNT III – SEX-BASED DISCRIMINATION
### *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e, *et. seq.*

28. Paragraphs 1-27 are re-alleged and incorporated herein by reference.

29. Similarly situated female employees did not suffer the same adverse employment and, therefore, were treated more favorably.

30. Such actions constitute a sex-based discrimination, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e, *et. seq.*

### COUNT IV – DISABILITY DISCRIMINATION
### *Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.*

31. Paragraphs 1-30 are re-alleged and incorporated herein by reference.

32. Defendant failed to offer reasonable accommodation, in violation of the *Americans with Disabilities Act of 1990*, 42 U.S.C. § 12101, *et seq.*

33. Similarly situated non-disabled employees did not suffer the same adverse actions JACKSON did.

34. Such actions constitute unlawful discrimination under the *Americans with Disabilities Act of 1990*, 42 U.S.C. § 12101, *et seq.*

### COUNT V – UNLAWFUL RETALIATION
*Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.*

35. Paragraphs 1-34 are re-alleged and incorporated herein by reference.

36. Defendant took multiple adverse employment actions against JACKSON after he submitted his request for accommodation.

37. Such actions constitute unlawful retaliation, in violation of the *Americans with Disabilities Act of 1990*, 42 U.S.C. § 12101, *et seq.*

### COUNT VI – SEX-BASED DISCRIMINATION
*Age Discrimination in Employment Act of 1967, 29 U.S.C. 623, et seq.*

38. Paragraphs 1-38 are re-alleged and incorporated herein by reference.

39. Similarly situated younger employees did not suffer the same adverse employment and, therefore, were treated more favorably.

40. Such actions constitute age-based discrimination, in violation of the *Age Discrimination in Employment Act of 1967*, 29 U.S.C. 623, *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID JACKSON, requests that Court award him the following relief:

(a) That the Defendant, upon trial by jury, be adjudicated to have violated the Plaintiff's rights under Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000e, *et. seq.*; the

*Age Discrimination in Employment Act of 1967*, 29 U.S.C. § 621, *et seq.*; the *Americans with Disabilities Act of 1990*, as amended, 42 USC § 12101, *et seq.*; 42 U.S.C. § 1981; and the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et. seq.*;

(b) That Plaintiff be awarded compensatory damages (including without limitation front pay and back pay), punitive damages, and all other benefits, and/or other appropriate relief to which he is entitled by virtue of Defendant's violations;

(c) That Plaintiff be awarded prejudgment interest on the above damages;

(d) That Plaintiff be awarded reasonable attorneys' fees, costs and litigation expenses incurred in this lawsuit, with interest thereon; and

(e)    That Plaintiff be awarded any such other and further relief deemed just.

### JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully Submitted,

DAVID JACKSON, Plaintiff,

By: /s/ Nina R. Gougis
Attorney for Plaintiff

Law Office of Nina R. Gougis
524 Court Street
Pekin, Illinois 61554
Phone: (309) 282-6325
Fax: (309) 279-5214
Email: ninagougislaw@gmail.com

Exhibit A

| | | |
|---|---|---|
| **STATE OF ILLINOIS** | ) | |
| | ) ss | |
| **COUNTY OF COOK** | ) | CHARGE NO. 2022SA1353 |

## AFFIDAVIT OF SERVICE

Margaret Lindenberg, deposes and states that s/he served a copy of the attached <u>NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE</u> on each person named below by depositing the same on   July 20, 2022  , in the U.S. Mail Box at 555 West Monroe Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

<u>For Complainant</u>

Nina R. Gougis
Law Office of Nina R. Gougis
524 Court Street
Peking, IL  61554

<u>For Respondent</u>

Chief Executive Officer
OSF Healthcare
124 S.W. Adams Streett
Peoria, IL  61602

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_Margaret Lindenberg_ (signature)
Margaret Lindenberg

**PLEASE NOTE:**

The above-signed person is responsible only for <u>mailing</u> these documents. Illinois Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:

DAVID JACKSON,

           COMPLAINANT,    CHARGE NO.    2022SA1353
AND                                          EEOC NO.      21BA20642

OSF HEALTHCARE,

           RESPONDENT.

**NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE**

For Complainant

Nina R. Gougis
Law Office of Nina R. Gougis
524 Court Street
Peking, IL  61554

For Respondent

Chief Executive Officer
OSF Healthcare
124 S.W. Adams Streett
Peoria, IL  61602

**Date Perfected Charge Filed:** May 12, 2022    **Date Opt Out Request Filed:** May 25, 2022

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 95 days from the date of this Notice and Order, as identified below.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and administratively close the charge of civil rights violation(s).

ENTERED ON July 20, 2022

DEPARTMENT OF HUMAN RIGHTS

BY: _____
Brent A. Harzman, Director
Charge Processing Division

Notice of Opt Out. Right & Order Adm.
Closure D/P 01/01/2020

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

| | |
|---|---|
| AMY L. CROWE,<br>    Petitioner, | )<br>)<br>) |
| And | )    Case No. 10-F-183 |
| WILLARD J. HAPPACH,<br>    Respondent. | )<br>)<br>) |

## MOTION TO WITHDRAW

Nina R. Gougis, attorney for Amy L. Crowe, Petitioner, hereby moves the Court for leave to withdraw as counsel and in support of her motion states as follows:

1. The last known address of the Petitioner Amy Crowe, is 1703 Parish Avenue, Pekin, Illinois 61554.

2. There is good cause for Ms. Gougis to withdraw as attorney in this case. Specifically, Ms. Gougis has accepted employment that requires her to close her practice.

3. Withdrawal can be accomplished without material adverse effect on the interests of Ms. Gougis' client.

4. The granting of this Motion will not be inequitable or unjust.

WHEREFORE, Nina R. GOUGIS, attorney, prays that the Court:

A. Grant her Motion to Withdraw;

B. Enter an order withdrawing Ms. Gougis as counsel in this case; and

C. Grant such other and further relief as the Court deems appropriate.

            By:

_/s/ Nina R. Gougis_
Nina R. Gougis

Law Office of Nina R. Gougis
524 Court Street
Pekin, Illinois 61554
Phone: (309) 282-6325
Fax: (309) 279-5214
Email: ninagougislaw@gmail.com

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

| | |
|---|---|
| AMY L. CROWE,<br>     Petitioner, | )<br>)<br>) |
| And | )   Case No. 10-F-183 |
| WILLARD J. HAPPACH,<br>     Respondent. | )<br>)<br>)<br>) |

### ORDER GRANTING MOTION TO WITHDRAW

This cause comes before the Court on the Motion to Withdraw filed by Nina R. Gougis, attorney for the Petitioner, Amy L. Crowe. The Court, being fully advised in the premises, finds there is good cause for Ms. Gougis to withdraw as attorney for Amy L. Crowe.

As such, the Court ORDERS as follows:

1. The Motion to Withdraw filed by Ms. Gougis is granted.

2. Ms. Gougis is withdrawn from this case as attorney for Amy L. Crowe.

3. Ms. Gougis shall deliver a copy of this Order to Amy L. Crowe by mailing a copy of this Order to his last-known address within 2 days of the granting of this Order. Ms. Gougis shall then file a certificate of service with this Court.

4. Within twenty-one (21) days after entry of this Order of Withdrawal, Amy L. Crowe is directed to obtain counsel and have that counsel enter their appearance in the case or all further notices, pleadings, and documents.

5. If, within twenty-one (21) days from the date of the entry of this Order of Withdrawal, Amy L. Crowe has not retained new counsel, Amy L. Crowe is directed to file a document with the Court stating that Amy L. Crowe will be representing herself and give the her current address and telephone number.

Entered this _____ day of _____ 2022.

_____
Judge of the Sixth Judicial Circuit
DeWitt County, Illinois

Prepared by:
Law Office of Nina R. Gougis
524 Court St.
Pekin, Illinois 61554
Phone: (309) 282-6325
Fax: (309) 279-5214
Email: ninagougislaw@gmail.com